## SYLLABI

### No. 1066

No. 19943—Caldwell & Taylor v. State of Ohio. Error to the Court of Appeals of Franklin county.

**118. AUTOMOBILES—"Motor vehicle fuel" includes only petroleum products other than kerosene (111 OL. 294), 5526 GC., construed.**

MARSHALL, C. J.

By virtue of section 1 of the act of March 18, 1925, (111 Ohio Laws 294) imposing a tax upon "motor vehicle fuels" the term as defined in that section includes only products derived from petroleum other than kerosene, and the petroleum ingredient in compounds of petroleum with other volatile and inflammable substances, used in internal combustion motors.

Judgment reversed.

Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.

### No. 1067

No. 19960—Fred Kohler, Sheriff, etc., v. Homer G. Powell, Chief Justice, et al.

No. 19961—State of Ohio, ex rel. Fred Kohler v. Homer G. Powell, Chief Justice, et al. Motion to certify the record of the Court of Appeals of Cuyahoga county. Error to the Court of Appeals of Cuyahoga county.

**663. JAILS & PRISONS—1. Common Pleas Court under 3162 GC. has control of feeding prisoners confined in jail.**

**2. Sheriff not permitted to secure personal profit from such feeding.**

KINKADE, J.

1. Section 3162 of the General Code confers upon the common pleas court full, complete and exclusive authority to promulgate rules and regulations for the management and control by the sheriff of the county jail and the persons confined therein, including the feeding of the prisoners.

2. The sheriff has no right to collect from the county to reimburse himself for expenditures made or indebtedness incurred for feeding the prisoners confined in the county jail any sum in excess of such disbursement or indebtedness so incurred. The law does not permit the sheriff to secure a private personal profit out of the feeding of the prisoners confined in the jail.

Motion overruled.

Judgment affirmed.

Marshall, CJ., Matthias, Day, Allen and Robinson, JJ., concur. Jones, J., not participating.

### No. 1068

No. 19763—Fire Association of Philadelphia v. Joseph Agresta.

Error to the Court of Appeals of Ashtabula county.

**533. FIRE INSURANCE—1. Under conditions of policy construed, held that a written demand is a condition precedent to right to have appraisal and award.**

**2. Insurer may demand, but if not, assured may maintain action on policy without an appraisal of loss.**

MARSHALL, C. J.

An insurance policy contained a provision: "In case the insured and this company shall fail to agree as to the amount of loss or damage each shall on the written demand of either select a competent and disinterested appraiser. The appraisers shall first select a competent and disinterested umpire; - - - - The appraisers shall then appraise the loss and damage stating separately sound value and loss or damage to each item - - - - An award in writing so itemized - - - - when filed with this company shall determine the amount of sound value and loss or damage." The policy contained the further provision: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with nor unless commenced within twelve months after the fire." **Held:** (1) A written demand of one of the parties for an appraisement is a condition precedent to the right to have an appraisal and award; (2) An appraisement might have been demanded by the insurer and no such demand having been made the assured may maintain an action on the policy without an ascertainment of the loss and damage by appraisers.

Judgment affirmed.

Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.

### No. 1069

No. 19656—The Southern Surety Company v. Frank Chambers, et al.

Error to the Court of Appeals of Cuyahoga county.

**1139. SURETY BONDS — Compensation surety bond for the erection of a public building under 2365-1 GC., available to materialmen and sub-contractors regardless of terms written into policy by contracting parties.**

ALLEN, J.

Under Section 2365-1, et seq., of the General Code, a bond given by a compensated surety in connection with a contract for the erection of a public building, which agrees to indemnify a board of education of a municipality for loss occasioned in the erection of the school building in question, but fails to comply with the provisions of Section 2365-3, et seq., that such bond shall contain an additional obligation for the payment by the contractor and by all sub-contractors for all labor performed or materials furnished in the construction, erection, alteration or repair of such building, works or improvements, is available for recovery by material men and subcontractors for all labor performed or materials furnished in the construction, erection, alteration or repair of such building, works or improvements, regardless of the terms and conditions written into the policy by the contracting parties.

Judgment affirmed.

Marshall. CJ., Jones, Matthias, Day, Kinkade and Robinson, JJ., concur.